**In re BICOASTAL CORPORATION. d/b/a Simuflite, f/k/a The Singer Company, Debtor.**

**Bankruptcy No. 89–8191–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 26, 1990.

Harley Reidel, Stichter & Reidel, Tampa, Fla., Donald Engle, Oppenheimer, Wolff & Donnelly, St. Paul, Minn., for debtor.

Stewart Kahn, Kahn Consulting, New York City, for movant.

William Goldman, Brown & Wood, New York City, Francis Cobb, Dykema Gossett, Tampa, Fla., for Unsecured Creditor's Committee.

Lynne England, Tampa, Fla., U.S. Trustee.

## ORDER ON SECOND SUPPLEMENT TO THE FIRST APPLICATION FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY KAHN CONSULTING, INC., AS ACCOUNTANTS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with proper notice given to all interested parties upon the Second Supplement to the First Application for Allowance of Interim Compensation and Reimbursement of Expenses by Kahn Consulting, Inc. (KCI), Account-ants for the Official Committee of Unsecured Creditors. In this Application, KCI seeks fees in the amount of $151,056.75 and expenses in the amount of $1,116.04 for services rendered during the period of March 16, 1990 through April 30, 1990. According to the Application, KCI spent 779.75 hours performing the services described in the Application during this six-week period. It is to be noted that this six-week period, based on an average forty-hour work week, represents 240 business hours. Thus, it would take three employees of the firm working full time exclusively on the affairs of the Creditor Committee six weeks to accumulate 779.75 hours of work. KCI is a small accounting firm, and services were rendered in this case by nine people at KCI.

A review of the record indicates that KCI filed its First Application for Compensation for services rendered during the period of December 15, 1989 through January 15, 1990. KCI sought $84,173.50 in fees, and $6,646.75 in expenses in this Application. This Court denied that Application in toto because KCI had not been authorized and, in fact, had not even applied, to be employed for the Creditors Committee in this case until January 16, 1990. The Order disapproving this Application is currently on appeal.

KCI filed its Second Application for Compensation for services rendered during the period of January 16, 1990 through March 15, 1990. In this Application, which is currently under advisement, KCI seeks fees in the amount of $209,262.50 and expenses in the amount of $11,332.09. As noted earlier, the Application currently under consideration, described as the Second Supplement to the First Application for Allowance, seeks fees in the amount of $151,056.75 and expenses in the amount of $1,116.04 for the services rendered during period of March 16, 1990 through April 30, 1990. In sum, KCI has sought fees in the total amount of $444,492.75 and expenses in the amount of $19,094.88 for the period from December 15, 1989 and April 30, 1990. This averages out to more than $100,000.00 per month.

The services performed by KCI on behalf of the Committee, as described in the Application, include analyzing the Debtor's Disclosure Statements and Plans of Reorganization. It is notable that this Court has yet to confirm a Plan of Reorganization, let alone approve a Disclosure Statement in this case. Additionally, KCI also claims to have analyzed the cash flow of the Debtor's affiliates, who are not debtors in this case, because those affiliates will ultimately provide the funds needed to fund a Plan of Reorganization. Additionally, KCI investigated numerous financial transactions among the Debtor and several of its affiliates, assisted the Creditors Committee in evaluating the feasibility of the Debtor's Reorganization Plans, monitored intercompany cash transactions, and prepared financial information summaries.

█ The only Objection to this Application was filed by the Office of the United States Trustee. The basis of this Objection is twofold. First, the Trustee argues that the Application is premature in that a previous Application was filed less than 120 days ago, and KCI failed to file a Motion Seeking Permission to File an Application for Interim Compensation as required by § 331 of the Bankruptcy Code. This Court is satisfied that it is appropriate to overrule the Trustee's objection only because the first fee Application of KCI was denied in toto and the second fee Application is under advisement. However, this should not be construed to condone filing fee applications more often than once every 120 days without leave of Court, as is required by § 331 of the Bankruptcy Code. The Trustee's second objection was that the fees appear to be generally excessive, and as an example, the Trustee points out that KCI expended 40.5 hours in preparing its fee Application.

█ After reviewing the Application for Compensation filed by KCI, this Court is satisfied that an excessive number of hours were expended by KCI on behalf of the Creditors Committee. Furthermore, KCI spent time performing services which have nothing to do with accounting functions, such as analyzing fee applications of other professionals. While this Court has no quarrel with the reasonableness of the hourly fee charged, it is satisfied that the hours spent were excessive. In addition, KCI expended time on matters for which it was not retained, and other matters which are not compensable. For example, KCI charged for time examining the fee applications of other firms, reviewing law journals, analyzing creditor claims and working on unspecified "confidential matters." Clearly, time spent on these activities should not be paid for by the Debtor. Likewise, many of the expenses charged by KCI are attributable to general overhead costs and are not to be borne by the Debtor. These examples include photocopy charges, some transportation costs, office supplies and meals. In sum, this Court is satisfied that it is appropriate to enter an order approving the Application for Interim Compensation by KCI; however, the Application is approved only in a reduced amount. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Second Supplement to the First Application for Allowance of Interim Compensation and Reimbursement of Expenses by Kahn Consulting, Inc., is approved in part, and KCI is entitled to fees in the amount of $125,423.25 and expenses in the amount of $552.78.

DONE AND ORDERED.